**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **DEVONTE WALKER, on behalf of himself and other similarly situated individuals,** | ) ) ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | _____ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STERLING INFOSYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.    This is an action based on Sterling Infosystems, Inc.'s ("Sterling") violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq., as amended.*

2.    Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

3.     The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment."  15 U.S.C. § 1681k.  In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4.     Defendant violated Sections 1681e(b) and 1681k of the FCRA when it published incomplete, inaccurate and/or not up-to-date public record information about Mr. Walker in an employment background report. As a result of Defendant's inclusion of this information in a consumer report, Mr. Walker lost a job and suffered emotional distress.

5.     The FCRA also affords to consumers the critical right to dispute inaccurate, incomplete, or outdated information in their consumer reports.

6.     Following a consumer's dispute, CRAs are required to delete inaccurate, outdated, incomplete, or unverifiable information.

7.    One of the most destructive reporting abuses suffered by consumers occurs when consumer reporting agencies reinsert previously disputed and deleted information back into a consumer's reports.

8.    The problem with reinsertion was so pervasive that the Consumer Credit Reporting Reform Act of 1996 amended the FCRA to add specific provisions to prevent this abuse.  15 U.S.C. § 1681i(a)(5)(B), *as amended by* Pub. L. No. 104-208 § 2409 (1996).

9.    Likewise, the FACTA amendments of 2003 included additional protections for consumers related to the reinsertion of information.  15 U.S.C. § 1681s-2(b)(1)(E), *added by* Pub. L. No. 108-159 § 314(b) (2003); *see* Testimony of Even Hendricks before the House Committee on Financial Services Subcommittee on Financial Institutions & Consumer Credit, June 12, 2003 ("The 1996 Amendments aimed to address several problems, including chronic inaccuracy, non-responsiveness and inadequate reinvestigations by consumer reporting agencies (CRAs) and furnishers, the reinsertion of previously deleted data and the impermissible use of credit reports … The Unfortunate reality under the current system for many consumers who are victims of inaccurate credit reports and/or identity theft is that they can only force CRAs and furnishers to truly reinvestigate

and correct errors by filing a lawsuit. I have seen cases in which consumers followed all the normal procedures to get errors corrected, only to find that inaccurate information was "verified" as report, or previously deleted information was reinserted.").

10.    To ensure consumers are protected from the harm of having previously disputed and deleted information reinserted into their reports and sold to third parties, the FCRA requires: (1) CRAs must adopt procedures to prevent the reappearance of material that is deleted pursuant to a consumer's dispute (15 U.S.C. § 1681i(a)(5)(c)); (2) for previously deleted information to be reinserted, the material must be certified by the furnisher as complete and accurate (15 U.S.C. § 1681i(a)(5)(B)(i)); and (3) if material is reinserted, the CRA must notify the consumer not later than 5 business days after the reinsertion that the disputed information has been reinserted, the business name and address of the furnisher of the information, and a notice that the consumer has a right to add a statement in the consumer's file disputing the accuracy or completeness of the disputed information (15 U.S.C. § 1681i(a)(5)(B)(ii) and (iii)).

11.    Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reinserting previously

disputed and deleted information into consumers' reports without complying with the requirements of the FCRA.

12.    Defendant does not maintain procedures to prevent the reappearance of information previously deleted pursuant to a consumer's dispute. As a result, Defendant routinely reinserts inaccurate and obsolete information into consumers' reports, and renders futile consumers' efforts to remove inaccurate or obsolete information from the reports Defendant sells about them.

13.    Prior to reinserting previously disputed and deleted information, Defendant does not obtain a certification from the furnisher of the information that it is complete and accurate.

14.    After Defendant reinserts previously disputed and deleted information into a consumer's file, it does not provide a notice to the consumer that includes a statement that the information has been reinserted. As a result, consumers are left to discover that the information they previously disputed as inaccurate was reinserted into their reports only after Defendant sells a consumer report about them to a third party.

15.    After Defendant reinserts previously disputed and deleted information into a consumer's file, it does not provide a notice to the

consumers that discloses the name, address, and telephone number of the furnisher of the information. Thus, consumers are deprived of information they need to determine who is reporting the inaccurate information about them, and left without the ability to dispute the information directly with the furnisher of the information.

16.    After Defendant reinserts previously disputed and deleted information into a consumer's file, it does not provide a notice to the consumer that the consumer has a right to add a statement to the consumer's file disputing the accuracy or completeness of the information. As a result, consumers are left in the dark that they have a right to flag the reinserted information as disputed.

17.    Upon information and belief, Defendant lacks any procedures whatsoever for consumers to add a note to their files that information is disputed by the consumer.

18.    As a result of Defendant's failures to meet these requirements, consumers such as Plaintiff face a Sisyphean nightmare of Defendant selling inaccurate and/or outdated information about them, disputing the information with Defendant, and having Defendant correct the erroneous and/or outdated information, only to discover Defendant reinserting the

previously-deleted information in subsequent reports. This results in concrete harm to consumers' privacy interests, including their interest in ensuring that information they previously disputed as inaccurate, and which Defendant previously deleted, is not reported to future employers.

19.    Additionally, Defendant's failure to comply with the notice requirements related to the reinsertion of previously disputed and deleted information causes concrete informational harm to consumers. Defendant's failure to provide consumers with the required notices deprives them of information that Congress has deemed essential to allowing consumers to maintain reasonable control over their consumer reports. Without the required notices, consumers are left to discover that Defendant has reinserted previously disputed and deleted information only after Defendant has sold a consumer report to a prospective or current employer; without the knowledge of who is the furnisher of such information; and without an understanding that they have a right to add a statement to their consumer reports that the reinserted information is disputed.

20.    Plaintiff was also individually injured by Defendant's publication of inaccurate and misleading information in the consumer report(s) that it sold about him to his employer. Plaintiff suffered job

loss(es), deprivation of timely information, and invasion of privacy that resulted in emotional distress, inconvenience, damage to reputation, anxiety, and humiliation.

## JURISDICTION AND VENUE

21.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

22.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

## PARTIES

23.    Plaintiff Devonte Walker is an adult individual residing in Georgia.

24.    Mr. Walker is a natural person and a "consumer" as protected and governed by the FCRA.

25.    Defendant is a Delaware corporation that conducts business throughout the United States.

26.    At all relevant times hereto, Defendant was a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

**A.    Defendant's Practices as a Consumer Reporting Agency and Furnisher of Consumer Information for Employment Purposes.**

27.    The FCRA has strict requirements that Defendant must follow regarding information disputed by a consumer.

28.    If a consumer notifies Defendant that the consumer disputes the accuracy or completeness of any item of information in the consumer's file, Defendant must conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, incomplete, outdated, or unverifiable, and record the current status of the disputed information, or delete the item from the file within 30 days of receiving the consumer's dispute.  15 U.S.C. § 1681i(a)(1)(A).

29.    If Defendant deletes information as a result of a consumer's dispute, it must maintain reasonable procedures designed to prevent the reappearance of such information in a consumer's file.   15 U.S.C. § 1681i(a)(5)(C).

30.    Defendant does not maintain reasonable procedures to prevent the reappearance of previously disputed and deleted information in the file of a consumer.

31.    Instead, Defendant routinely reinserts previously disputed and deleted information into consumers' reports.

32.    The FCRA also prohibits Defendant from reinserting previously disputed and deleted information into a consumer's file unless Defendant obtains a certification from the furnisher of the information that such information is complete and up-to-date.  15 U.S.C. § 1681i(a)(5)(B)(i).

33.    As a matter of practice and policy, Defendant does not obtain certifications from furnishers that previously disputed and deleted information is complete and up-to-date prior to reinserting such information in consumers' reports.

34.    The FCRA further mandates if Defendant reinserts information that was previously-disputed and deleted into a consumer's file, it shall notify the consumer within five business days after the reinsertion.  15 U.S.C. § 1681i(a)(5)(B)(ii).  The notice must include: (i) a statement that the disputed information has been reinserted; (ii) the business name, address, and telephone number of any furnisher of information contacted in

connection with the reinsertion of such information; and (iii) a notice that the consumer has a right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information.  15 U.S.C. § 1681i(a)(5)(B)(iii)

35.    Defendant does none of these things.  Instead, consumers are left to find out that Defendant has reinserted information, which the consumer has already disputed and which Defendant has already deleted, into their consumer files only after Defendant sells reports to their prospective or current employers.

36.    Based on a common policy and practice, Defendant regularly and unlawfully reinserts information into consumers' files without complying with any of the requirements set forth above.

37.    Defendant's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumer job applicants, employees, and interstate commerce. Consumers' efforts to have inaccurate or outdated information permanently removed from their consumer reports are thwarted. Instead, consumers are faced with Defendant continually selling inaccurate and outdated information about them, despite deleting such information in a prior dispute and reinvestigation.   Defendant's practice also deprives

consumers of critical information about the reinsertion of previously disputed and deleted information, including the required notice that Defendant reinserted the into their files and that consumers have a right to flag such information as disputed.  This leads to consumers being deprived of critical information that they are entitled to receive pursuant to the FCRA. It also leads to consumers being viewed as less desirable job applicants and more likely not to be hired or continued to be employed by the employers who pay Defendant for background reports.

**B.    The Experience of Plaintiff**

38.    In 2016, Defendant furnished a consumer report on Mr. Walker to CEPInc d/b/a Trace Staffing Solutions for employment purposes.

39.    The consumer report contained criminal record information that did not belong to Mr. Walker.

40.    The criminal record information belonged instead to a Devonte Walker from Ohio.

41.    Plaintiff has never lived or been to Ohio.

42.    On March 3, 2016, Mr. Walker called Defendant and disputed the criminal record information.

43.    On March 4, 2016, Defendant sent a letter to Mr. Walker.  In the letter, Defendant wrote, "Sterling Infosystems has investigated your claim and has amended your consumer report."

44.    When he reviewed Defendant's amended consumer report, Mr. Walker saw that Defendant had removed the inaccurate criminal record information.

45.    Mr. Walker was relieved that the situation had been cleared up.

46.    But in 2018, Defendant did it again.

47.    In September 2018, Mr. Walker applied for a job with Silverline by Anderson ("Silverline").

48.    After completing his application, physical, and drug test, and after attending orientation and obtaining his work equipment (shoes and glasses) from Silverline, Silverline informed Mr. Walker that he could start work as soon as he passed his background check.

49.    Shortly thereafter, Silverline purchased a consumer report on Mr. Walker from Defendant for employment purposes.

50.    Defendant furnished the consumer report to Silverline on or about September 17, 2018.

51.    It also mailed a copy of the consumer report to Mr. Walker.

52.    When Mr. Walker received the consumer report, he was taken aback by the contents.

53.    Defendant reported in the consumer report that Mr. Walker had 10 felony and misdemeanor convictions in Hamilton County, Ohio.

54.    Specifically, as for the felonies, Defendant reported that Mr. Walker had three felony convictions in Ohio in 2013 for trafficking in heroin for which Mr. Walker was sentenced to one year in jail.

55.    Defendant also reported that Mr. Walker had a fourth felony conviction in Ohio for trafficking in heroin, this time in 2017, for which he was sentenced to two years in jail.

56.    Defendant further reported that Mr. Walker had felony convictions in Ohio in 2013 for possession of heroin and for having a weapon while under disability for which Mr. Walker was sentenced to one year in jail.

57.    Additionally, Defendant reported that Mr. Walker had two felony convictions in Ohio in 2017 for aggravated trafficking in drugs-fentanyl and ketamine, for which he received a sentence of one year in jail.

58.    Defendant claimed in its consumer report that it matched Mr. Walker to these records by his name and date of birth.

59.    But Mr. Walker has never lived or even been to Ohio.

60.    And Defendant did not match Mr. Walker to these criminal records by any additional information, such as his middle name, his social security number, or his address history.

61.    Defendant also had reason to know that several of these records did not belong to Mr. Walker because several of them were the same criminal records that Defendant reported in 2016, and Defendant deleted those records from Mr. Walker's report after he disputed in 2016.

62.    Defendant did not provide Mr. Walker with a written notice that the disputed and deleted information had been reinserted into his file.

63.    Defendant did not provide Mr. Walker with a written statement that included the business name and address of the furnisher of the reinserted information.

64.    Defendant did not provide Mr. Walker with a written notice that he had a right to add a statement to his consumer file disputing the accuracy or completeness of the disputed information that had been reinserted.

65.    Prior to reinserting the disputed information into Mr. Walker's file, Defendant did not obtain a certification from the furnisher of the information that it was compete and accurate.

66.    After it received the consumer report, Silverline informed Mr. Walker that it was no longer willing to employ him.

67.    Mr. Walker was stunned.    He had cleared up Defendant's erroneous report that he was a convicted felon in 2016 and thought the matter was behind him, only to discover that Defendant was going to make him run the gauntlet again.

68.    The inaccurate information grossly disparaged Mr. Walker.

69.    The inaccurate information consisted of incorrect statements that misrepresented his criminal history.

70.    On September 24, 2018, Mr. Walker notified Defendant that it had, yet again, reported inaccurate and disparaging information about him in a consumer report to a prospective employer.

71.    On October 1, 2018, Defendant sent to Mr. Walker a letter, stating, "On September 24, 2018, we were notified that some information on the background report Sterling prepared for our SilverLine by Anderson was incorrect.    As a result, Sterling has amended your report."

72.    In the amended consumer report, Defendant removed all of the criminal record information from Ohio and stated that Mr. Walker was "clear."

73.    As of result of Defendant's conduct, Mr. Walker has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including frustration, stress, humiliation and embarrassment.

**C.    Class Action Allegations.**

74.    Plaintiff brings the following nationwide class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class for Defendant's violations of the FCRA:

> a. All natural persons residing in the United States of America and its territories who, beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, were the subject of any consumer report prepared by Defendant that included information reinserted into the consumer report that Defendant had previously deleted as a result of the consumer's dispute.

75.    Numerosity: The Class is so numerous that joinder of all class members is impracticable. Defendant produces reports nationwide, including in Georgia, and has produced many thousands of reports on consumers during the class period, many of whom are members of the Class.

76.    Typicality: Plaintiff's claims are typical of the class members' claims.    Defendant treated Plaintiff in the same manner as other class members.

77.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class, and have retained counsel experienced in complex class action litigation.

78.    Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.    These common questions include:

      a.  Whether Defendant violated the law by reinserting previously-deleted information into its consumer reports;

      b.  Whether Defendant's violations were willful;

      c.  Whether Defendant is a consumer reporting agency and subject to the requirements of the FCRA;

      d.  The proper measure of statutory and punitive damages; and

      e.  The proper form of declaratory relief.

79.    Ascertainability: The Class can be identified.    Upon information and belief, Defendant maintains copies of consumer reports for

at least five years after they are provided to end-users. The reports are maintained in text which can be electronically and/or manually searched to identify criminal record information which was deleted from one report, but reinserted in a subsequent report.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681i: Class Claim)

80.    Plaintiff realleges Paragraph Nos. 1-79 as if fully set forth herein.

81.    Defendant violated 15 U.S.C. § 1681i by failing to (1) "conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

82.    Defendant also violated 15 U.S.C. § 1681i(a)(5)(B) by failing to provide Plaintiff and other similarly-situated individuals with a "(I) a statement that the disputed information has been reinserted; (II) the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any

furnisher of information that contacted the consumer reporting agency, in connection with the reinsertion of such information; and (III) a notice that the consumer has the right to add a statement to the consumer's file disputing the accuracy or completeness of the disputed information."

83.    Defendant further violated 15 U.S.C. § 1681i(a)(5)(C) by failing to "maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph (other than information that is reinserted in accordance with subparagraph (B)(i))."

84.    Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

85.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

86.    Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and other similarly-situated individuals of their rights under the FCRA.

## SECOND CLAIM FOR RELIEF
### (15 U.S.C. § 1681e(b): Individual Claim)

87.    Plaintiff realleges Paragraph Nos. 1-79 as if fully set forth herein.

88.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

89.    Defendant reported information about Plaintiff that it had reason to know was inaccurate.

90.    Defendant knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

91.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

92.    Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

93.    Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.    In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

94.    As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### THIRD CLAIM FOR RELIEF

### (15 U.S.C. § 1681k: Individual Claim)

95.    Plaintiff realleges Paragraph Nos. 1-79 as if fully set forth herein.

96.    Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with

> the name and address of the person to whom such
> information is being reported; or
> (2) maintain strict procedures designed to insure that
> whenever public record information which is likely to
> have an adverse effect on a consumer's ability to obtain
> employment is reported it is complete and up to date.

97.    Defendant violated 15 U.S.C. § 1681k by failing to notify

Plaintiff that it was reporting public record information about him at the time

it furnished such information to his prospective employer, and by failing to

maintain strict procedures to ensure that the public record information it was

reporting was complete and up to date.

98.    Defendant knew or should have known about its obligations

under the FCRA.   These obligations are well established in the plain

language of the FCRA, in the promulgations of the Federal Trade

Commission, and in well-established case law.

99.    Defendant obtained or had available substantial written

materials that apprised it of its duties under the FCRA.

100.    Despite knowing of these legal obligations, Defendant acted

consciously in breaching its known duties and deprived Plaintiff of his rights

under the FCRA.

101.    Defendant's violation of 15 U.S.C. § 1681k was willful,

rendering Defendant liable pursuant to 15 U.S.C. § 1681n.   In the

alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

102.   As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A.   An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedures 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.   Issuing proper notice to the Putative Class at the Defendant's expense;

C.     An award of actual, statutory and punitive damages for

       Plaintiff and the Class;

D.     An award of reasonable attorneys' fees and costs;

E.     An award of pre-judgment and post-judgment interest as

       provided by law; and

F.     Granting other further relief, in law or equity, as this

       Court may deem appropriate and just.


                        By: /s/ Andrew L. Weiner
                            Andrew L. Weiner
                            Jeffrey B. Sand
                            WEINER & SAND LLC
                            3525 Piedmont Road
                            7 Piedmont Center, 3rd Floor
                            Atlanta, Georgia 30305
                            (404) 205-5029 (Tel.)
                            (404) 254-0842 (Tel.)
                            (866) 800-1482 (Fax)
                            aw@atlantaemployeelawyer.com
                            js@atlantaemployeelawyer.com

                            COUNSEL FOR PLAINTIFF